THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY v. MANNING.

[No. 2,131. Filed December 2, 1896.]

ESTOPPEL.—*Garnishment.*—An employe is estopped to question the regularity of proceedings by which his wages were garnished, or whether his employer was legally bound to pay the money into court, where he consented that his employer should pay into the court in which the garnishment proceedings were pending the amount of the claim and the costs and upon such payment he would accept from his employer the balance due him, which balance was tendered and refused.

From the Knox Circuit Court.  *Reversed.*

*W. H. De Wolf* and *E. W. Strong*, for appellant.

*H. Burns* and *J. S. Pritchett*, for appellee.

Ross, J.—This was an action to recover an amount alleged to be due appellee from the appellant, for services rendered, and for a penalty for its nonpayment, as provided by sections 7056 and 7057, Burns' R. S. 1894 (1596 and 1597, R. S.).

Under the specifications of error assigned, several questions are urged for our consideration, which we deem it unnecessary to examine or decide in the view we take of the case as presented by the record.

Whether or not the judgment rendered in the Kentucky court against the appellant as garnishee defendant was regular we need not determine, for it is apparent the appellee has no standing in court. It appears from the uncontradicted evidence that the appellee consented that the appellant should pay into the Kentucky court the amount of the claim and costs for which his wages in appellant's hands had been garnisheed, and he agreed that upon such payment he would accept from appellant the balance due him. The balance was tendered him and he refused, and brought this action. We think under these circumstances he is estopped to question either the regularity of the proceedings of the Kentucky court, or whether appellant was legally bound to pay the money into court. The money was paid into court with his knowledge and consent, and upon an agreement that when so paid in he would accept the balance due him from the appellant. The appellant has apparently acted in good faith, and it would be inequitable to permit the appellee to recover anything except the balance in appellant's hands after the payment into the Kentucky court of the claim and costs.

The judgment of the court below is reversed with instructions to sustain the appellant's motion for a new trial.